IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN AUGUSTINE MITCHELL     *
A#24 090 637             Petitioner,
       v.                                      *   CIVIL ACTION NO. RDB-05-1623

DEPARTMENT OF HOMELAND       *
 SECURITY
                 Respondent.     *
                                           ******

**MEMORANDUM OPINION**

Petitioner is a detainee in Department of Homeland Security ("DHS"), Bureau of Customs Enforcement ("ICE") custody at the Dorchester County Detention Center. On March 7, 2005, he filed a 28 U.S.C. § 2241 Petition for habeas corpus relief, solely challenging his continued post-removal-order detention and the inability of ICE to remove him from the United States to Grenada. *See Mitchell v. Williams*, Civil Action No. RDB-05-662. The Petition was dismissed on June 9, 2005, based upon the government's affirmations that, after great difficulty in obtaining the necessary travel documents due to the wide-spread hurricane damage on Grenada, ICE was able to obtain authorization from Grenadian authorities to remove Petitioner and his removal would be effected on June 16, 2005. *Id*., Ex. B.

On June 15, 2005, however, Petitioner filed the instant eleventh hour § 2241 habeas action, directly attacking his order of removal. Paper No. 1. He seemingly claims that he obtained derivative citizenship upon the naturalization of his then-alien parent while he was under the age of 18. *Id*. Petitioner seeks a stay of removal.

Petitioner seeks habeas relief on the theory that he is a United States citizen not subject to being removed and is being unlawfully detained.[1]  Fourth Circuit opinion suggests that this district court may exercise its § 2241 habeas jurisdiction to entertain the Petition in the first instance and dispose of it. *See Dragenice v. Ridge*, 389 F.3d 92, 97-99 (4th Cir. 2004) (district court could exercise jurisdiction over habeas petition filed by alien who was being detained while awaiting removal, in which alien challenged lawfulness of his detention on theory that he was United States national not subject to removal).  On May 11, 2005, however, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005).  Included within this far-reaching legislation is the Real ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005) ("RIDA").  Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial of an order of removal.

Section 106(a)(1)(B)(5) states that:

[N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

This provision undoubtedly divests this Court of jurisdiction to review this Petition.  Given the circumstances, however, the undersigned shall not dismiss the cause of action, but shall treat the Petition

---

[1] Upon examination of the oral hearing decision issued by the Immigration Judge in New York, and the appeal before the Board of Immigration Appeals, there is no evidence that Petitioner raised a citizenship claim. *See Mitchell v. Williams*, Civil Action No. RDB-05-662, Paper No. 4, Exs. A & B. Moreover, there is absolutely no evidence before the Court that Petitioner presented the claim in a petition for review before the United States Court of Appeals for the Second Circuit.

as one for review improperly filed in this court and transfer it to the United States Court of Appeals for the Second Circuit.   Any deportation is stayed pending further order from the Second Circuit.

    A separate Order follows.


Date: June 15, 2005　　　　　　　　　　　/s/
                                         RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE